In re Narinder M. KALRA, t/a Supplee Farm Market, f/t/a Lapp's Stone Barn and Neelam Kalra, Debtors.

John G. ZELL and Marie D. Zell, Plaintiffs,

v.

Narinder M. KALRA, Defendant.

Bankruptcy No. 85–03243T.
Adv. No. 86–0428.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 27, 1989.

James T. Owens, Owens, D'Ambrosio & Nescio, West Chester, Pa., for plaintiffs.

Gerald McOscar, Wilee, McOscar & Winther, West Chester, Pa., for debtors.

OPINION

THOMAS M. TWARDOWSKI,
Bankruptcy Judge.

Before the court is a complaint filed by John G. Zell and Marie D. Zell ("plain-

tiffs"), objecting to the dischargeability of a debt owed to them by debtor, Narinder M. Kalra ("debtor"). Plaintiffs' complaint is based upon 11 U.S.C. § 523(a)(2)(A). Because we find that plaintiffs have not met their burden of proof, we rule in favor of debtor.

The parties have stipulated to the following facts. In 1982, debtor purchased a business from plaintiffs. As part of the sales arrangement, debtor gave plaintiffs a note secured by equipment and fixtures. The security agreement required that debtor refrain from committing any act that would impair plaintiffs' collateral or security. Thereafter, debtor entered into a financing arrangement with a third party, which encumbered the same collateral pledged by debtor to plaintiff. Debtor disclosed the existence of plaintiffs' security agreement to the third party prior to entering into the financing arrangement.

Plaintiffs argue that debtor's subsequent entry into the financing arrangement with the third party violated the terms of the security agreement entered into with plaintiffs. Therefore, plaintiffs submit that the debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A). We disagree.

It is well established that the plaintiff in a § 523(a)(2)(A) action has the burden of proving the following elements by clear and convincing evidence:

(1) that the debtor made the misrepresentation; (2) that at the time he knew that they (sic) were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained the alleged loss and damages as a proximate result of the representations having been made.

*United States v. Stelweck (In re Stelweck),* 86 B.R. 833, 846 (Bankr.E.D.Pa.1988). *See also, Fluehr v. Paolino (In re Paolino),* 89 B.R. 453 (Bankr.E.D.Pa.1988). Furthermore, objections to discharge must be strictly construed against the objecting creditor. *United States v. Fitzgerald (In re Fitzgerald),* 73 B.R. 923 (Bankr.E.D.Pa. 1987).

After reviewing the stipulation of facts entered in this case, we conclude that plaintiffs have not met their difficult burden of establishing the elements required under 11 U.S.C. § 523(a)(2)(A). Accordingly, we find that the debt owed to plaintiffs is dischargeable.

An appropriate order will follow.